672 February 5, 2025 No. 81

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOHN STOCKERT,
as Administrator of the Estate of
Linda Darlene Stockert, deceased,
*Plaintiff-Respondent,*

*v.*

McLOUGHLIN PLACE OPERATIONS, LLC,
*Defendant-Appellant.*

Multnomah County Circuit Court
22CV18261; A181669

Heidi H. Moawad, Judge.

Argued and submitted December 19, 2024.

Bruce C. Smith argued the cause and filed the briefs for appellant. Also on the briefs were Patrick Sullivan-Lovett and Lewis Brisbois Bisgaard & Smith LLP.

Lisa T. Hunt argued the cause and filed the brief for respondent. Also on the brief was Law Office of Lisa T. Hunt, LLC.

Before Aoyagi, Presiding Judge, Egan, Judge, and Joyce, Judge.

JOYCE, J.

Affirmed.

**JOYCE, J.**

Defendant appeals from an interlocutory order denying its motion to compel arbitration of claims that plaintiff brought as the personal representative of his mother's estate. The claims arose out of care that defendant provided to plaintiff's mother when she was a resident of defendant's memory care facility. At the time of admission, plaintiff's mother suffered from dementia. Plaintiff's brother (decedent's other son) signed the admission documents, including an agreement to arbitrate any disputes that may arise against defendant. The parties concede that when plaintiff's brother signed those documents, he did not have power of attorney or other legal authority over the decedent's affairs.

Defendant, in moving to compel arbitration, argued that plaintiff's brother had lawfully executed the arbitration agreement on behalf of his mother and that, under the Federal Arbitration Act, 9 USC sections 1 to 16 (FAA), the trial court was required to enforce the agreement against his mother's estate. In response, plaintiff argued, among other things, that the arbitration agreement was not valid because his brother did not hold a power of attorney or any other legal authority to sign the contract on his mother's behalf. The trial court denied the motion to compel arbitration. Although the court did not explain the basis for its denial, the parties at oral argument agreed that its decision turned on whether arbitration was required under the FAA. Included in that question is whether a valid arbitration agreement exists. *See Harnisch v. College of Legal Arts, Inc.*, 243 Or App 16, 22-23, 259 P3d 67 (2011) (applying Oregon contract law to determine whether the parties agreed to arbitrate under the FAA).

In a case decided after the parties submitted their briefs on appeal, we concluded that a similar arbitration agreement was not valid where the person signing it did not have power of attorney or other legal authority to sign the contract on the resident's behalf. *Durany v. Marjorie House McMinnville, LLC*, 335 Or App 501, 559 P3d 938 (2024). That case, decided on nearly identical facts, controls the question here.[1] Although defendant urges us to revisit that decision,

---

[1] At oral argument, defendant attempted to distinguish *Durany* by arguing that in *Durany*, the arbitration agreement was a "separate" agreement whereas

we decline to do so. Because the decedent's son did not have power of attorney or other legal authority to bind his mother to the arbitration agreement, there is no binding arbitration agreement to enforce under the FAA.

      Affirmed.

---

here, the arbitration clause is contained within the admissions agreement. 335 Or App at 503 (plaintiff signed admission documents that included an arbitration agreement that required a separate signature). We disagree that that distinction is material; our analysis in *Durany* did not depend on the arbitration agreement being separate from the admissions agreement.